STATE OF INDIANA )   IN THE PORTER SUPERIOR COURT
) SS:
COUNTY OF PORTER )   SITTING AT PORTAGE, INDIANA

TOWN OF OGDEN DUNES,
a municipal corporation,
    Plaintiff

v.   CAUSE NO: 64D06-0708-OV- 14835

STEVEN SIWINSKI and
LAUREN SIWINSKI,
    Defendants.

## COMPLAINT FOR ORDINANCE VIOLATION PRELIMINARY AND PERMANENT INJUNCTION

Comes now the Town of Ogden Dunes, an Indiana municipal corporation, by counsel, Harris Welsh & Lukmann, by L. Charles Lukmann, III, and for its cause of action against the defendants would state as follows:

1. The Town of Ogden Dunes is a municipal corporation.

2. The defendants, Steven Siwinski and Lauren Siwinski, are the owners of real estate upon which a home is located at 126 Shore Drive, Ogden Dunes, Indiana.

3. The Zoning District in which 126 Shore Drive, Ogden Dunes, Indiana is located is "R-residential district", pursuant to the Zoning Map of the Town of Ogden Dunes. A certified copy of the Zoning Map of the Town of Ogden Dunes is attached hereto, incorporated herein, and marked as Exhibit "A".

4. That on June 18, 2007 and days thereafter, including, but not limited to, the time of filing this Complaint, the defendants have been in violation of Chapter 152 of the Ogden Dunes Town Code (hereinafter the "Code") and particularly, Section 152.032 of the Code.

09/17/2007 13:08 FAX 847 419 7696          BANCGROUP/MKTG                          ☑009

5. The defendants' property located at 126 Shore Drive, Ogden Dunes, Indiana is being used for commercial or business activity as opposed to that of a single family dwelling which is in violation of Chapter 152 of the Code.

6. The definition of commercial or business in Section 152.002 of the Code is "any activity conducted for profit or gain." The definition of dwelling, single family in Section 152.002 is "a separate detached building designed for and occupied exclusively as a residence by one family."

7. Specifically, defendants are renting the property for overnight accommodations for periods of less than thirty (30) days. Rentals of real estate for less than thirty (30) consecutive days are a recognized commercial activity in the State of Indiana as the same constitutes the defendants as retail merchants pursuant to I.C. 6-2.5-4-4.

8. 45 IAC 2.2-4-8(d) states, among other things, that the renting or furnishing of an accommodation for less than thirty (30) days constitutes a retail merchant making a retail transaction.

9. Section 152.202 of the Code makes it unlawful in the Town of Ogden Dunes for any person, firm, individual, partnership or corporation to use, occupy or maintain any building, structure or land in the town in violation of Chapter 152.

10. Section 152.202(f) of the Ogden Dunes Town Code authorizes this Complaint to be brought.

11. Section 152.999 authorizes a fine of not more than $2,500 per violation per each day of a violation.

12. Certified copies of those portions of relevant definitions contained in Section 152.002 and Sections 152.032, 152.202, and 152.999 are attached hereto, incorporated herein, and marked as Exhibits "B", "C", "D", and "E", respectively.

13.  A preliminary and permanent injunction is authorized and requested pursuant to Indiana law.

WHEREFORE, the Town of Ogden Dunes sues and requests the following relief:

A.  A fine in an amount up to $2,500 per day that the violation alleged hereunder exists beginning June 18, 2007;

B.  A preliminary and permanent injunction prohibiting the defendants from using, occupying or maintaining their property in contravention of the Ogden Dunes Town Code as set forth in this Complaint; and

C.  For all other just and proper relief in the premises.

Respectfully submitted,

HARRIS WELSH & LUKMANN

By: _____

L. Charles Lukmann, III
107 Broadway
Chesterton, Indiana 46304
(219) 926-2114
Attorney ID: 9903-64
Attorney for Town of Ogden Dunes

HWL/Ogden Dunes/Ordinance Violations/Siwinski/ljnp/ah



EXHIBIT A

I hereby certify that this is a real and true copy of a portion of the Town Code of the Town of Ogden Dunes, Indiana.

*Marie W. Cryhelat*
Clerk-Treasurer

## ARTICLE I.  GENERAL PROVISIONS

### § 152.001 AUTHORITY.

(A) This chapter is the combined Zoning Code, Subdivision Control Regulations and Building Code of the town codified into one document and enacted under the authority provided for by state law as indicated below.
(`99 Code, § 10-16)

(B) The Zoning Code provisions found throughout this chapter are enacted under the authority granted to the town and consistent with I.C. 36-7-4. This chapter provides the minimum standards for land use, land development and building standards for the protection of life, health, environment, public safety and general welfare of the community.
(`99 Code, § 10-17)

(C) The Building Code provisions enacted in this chapter are enacted under the authority granted to the town consistent with I.C. 22-15-4 and/or I.C. 22-13, and the building code provisions required to be submitted to the State Fire Safety and Building Code Commission will be submitted as required by law.
(`99 Code, § 10-18)

(D) The Subdivision Control Regulations are enacted under the authority granted to the town and consistent with I.C. 36-7-4 including the Subdivision Control Regulations in Ordinance No. 402, as amended.
(`99 Code, § 10-19)

(E) Each and every provision of this chapter whether styled as a Zoning Code, Subdivision Control Regulation or Building Code are intended to be enacted in the manner required by law to provide all of the presumptions available to municipal ordinance enactments under the laws of the State of Indiana.
(`99 Code, § 10-20) (Ord. 643, passed 3-2-98)

### § 152.002 DEFINITIONS.

For the purpose of this chapter the following definitions shall apply unless the context clearly indicates or requires a different meaning. Words used in the present tense shall include the future; the singular number shall include the plural and the plural the singular. The word "shall" is always mandatory and not directory. Unless otherwise specified, all distances shall be measured horizontally, in any direction.

*ACCESSORY BUILDING.* A subordinate building or structure, such as a detached garage or storage shed, located on the same lot or building site as a principal building, and not designed nor used for any purpose involving human occupancy or activity.

EXHIBIT B

Zoning, Building and Subdivision Control                                    41

*ACCESSORY USE.* A subordinate use that relates to the same lot or building site as a primary use and is a use other than human occupancy.

*ADDITION.* Any construction which increases the cubic content of an existing building.

*ALLEY.* A minor right-of-way, dedicated to public use, which gives a secondary means of vehicular access to the back or side of properties otherwise abutting a street.

*ALTERATION.* Any work on a building which changes the position or material of any wall, ceiling, roof, foundation, or opening.

*ALTERATION, MINOR.* The customary repairs and replacement of parts of a building or structure as may be required for normal maintenance or for the safety of the building except those changes defined as structural alterations.

*ALTERATION, STRUCTURAL.* Any change or replacement of the supporting members of a building such as bearing walls, columns, beams, girders, exit facilities or an enlargement whether by extending on a side or by increasing in height or the moving from one location to another.

*ANGLE OF REPOSE.* The angle of repose (or the angle of internal friction) of any material is the angle with the horizontal at which the material will stand when piled dry.

*APARTMENT HOUSE OR APARTMENT BUILDING.* A building or portion thereof arranged, intended or designed to be occupied by two or more families living independently of each other (see "Dwelling").

*APPURTENANCE.* Any structure above or below the ground other than a building, located on the same site as an existing building, the use of which is incidental to that building. *APPURTENANCES* may consist of walls, stairs, septic tanks, dry wells, drains, fences, or other similar structures. Swimming pools and retaining walls shall be considered *APPURTENANCES*.

*ARCHITECTURAL REVIEW COMMITTEE.* A committee of the Plan Commission responsible for review and approval of building plans and specifications.

*AREA, LOT.* The total land area within the property lines of any parcel of land measured on a horizontal plane excluding streets, alleys, other public ways or lakes, rivers or streams.

*AUTOMOBILE SERVICE STATION OR GASOLINE STATION.* Any premises primarily used for supplying gasoline and oil at retail directly to the consumer, including minor accessories and minor services for automobiles.

42                          Ogden Dunes - Land Usage

*BASEMENT.* A space wholly or partly underground, and having more than one-half of its height, measuring from its floor to its ceiling, below the average adjoining finished grade; if the finished floor level directly above a basement is more than six feet above finished grade at any point, such space shall be considered a story.

*BOARD OF ZONING APPEALS.* The Board of Zoning Appeals of the Town of Ogden Dunes, Indiana.

*BUILDING.* Any structure constructed or used for residence, business, commercial or other public or private purpose having a roof supported by walls or columns. Includes the word "structure."

*BUILDING COMMISSIONER.* The Building Commissioner of the Town of Ogden Dunes.

*BUILDING HEIGHT.* The distance of a vertical line taken from the lower of the natural grade or the finished grade of the land at the edge of the structure to the top along any point on the structure.

*BUILDING MATERIAL.* Includes (but is not limited to) all buildings, roofs including eaves, driveways, walks, decks, patios, porches, stairs, retaining walls and pools. (Note: bark and mulch are not considered building material; gravel and stone are considered building material.)

*BUILDING, PRINCIPAL OR MAIN.* A building in which is conducted the main or principal use of the lot on which the building is situated.

*BUILDING SETBACK LINES.* A line on a plat between which line and the adjacent street right-of-way, side lot line or rear lot line, buildings may not be erected; distance to the line is measured from the nearest physical protuberance, including but not limited to, eaves, gutters, and decks, of the buildings to the adjacent street right-of-way, side or rear lot line.

*CATCH BASIN.* A receptacle to intercept water, made of reinforced concrete bell and spigot pipe and measuring at least 24 inches in diameter by four feet in length with steel perforated cover and open bottom. (See Appendix A following this chapter).

*CERTIFICATE OF OCCUPANCY.* A certificate stating that the occupancy and use of land or a building or structure referred to therein complies with the provisions of this chapter.

*CLEARING.* Any activity that removes the vegetative ground cover.

*COMMERCIAL OR BUSINESS.* Any activity conducted for profit or gain.

*COMMISSION (PLAN COMMISSION).* Plan Commission of Ogden Dunes, Indiana.

*CONSTRUCTION START DATE.* The date construction activity starts, as certified and recorded by the Building Commissioner.

## Zoning, Building and Subdivision Control                                              43

*CONTRACTOR.* Any person or corporation, except a licensed architect or registered professional engineer, who in any capacity other than that as the employee of another for wages as the sole compensation, undertakes to construct, alter, repair, remove, move, wreck, or demolish any structure or to excavate upon any premises.

*CROSSWALK.* A strip of land dedicated to public use, which is reserved through a block to provide pedestrian access to adjacent areas.

*CUL-DE-SAC (COURT OR DEAD-END STREET).* A minor street having but one outlet for vehicular traffic.

*DETACHED BUILDING.* A building that has no structural connection with another building.

*DEVELOPER.* Any person, partnership or corporation or duly authorized agent thereof, engaged in developing or improving a lot or group of lots or structures thereon for use or occupancy.

*DIAMETER BREAST HEIGHT (D.B.H).* The diameter in inches of a tree measured at four and one-half feet above the existing grade.

*DISTRICT.* Any section of the town for which uniform zoning regulations as herein provided govern the use of land, structure and premises, the permitted height and area of structures, and the area or open spaces about buildings and structures.

*DRIP LINE.* An imaginary, perpendicular line that extends downward from the outermost tip of the tree branches to the ground.

*DRY WELL.* A concrete vessel with a grid of about one and one-half inches diameter holes in the sides of the vessel that is buried in the ground and surrounded by large stones (greater than three inches in diameter) that is placed to receive water runoff and infiltrate the water down through the sand into the ground water table.

*DWELLING.* A building which is to be occupied exclusively for living purposes.

*DWELLING, MULTIPLE.* An apartment house or apartment building (see "Apartment House").

*DWELLING, SINGLE-FAMILY.* A separate detached building designed for and occupied exclusively as a residence by one family.

*EASEMENT.* A grant for the use of a strip of land by the public, a corporation or persons for specified purposes or uses. Such easements include areas set aside for access to adjoining property or access for utilities, drainage or recreational purposes.

*EROSION.* Wearing away of the land by running water, waves, temperature changes, ice or wind.

I hereby certify that this is a real and true copy of a portion of the Town Code of the Town of Ogden Dunes, Indiana.

*— Marci W. Crafhart*
Clerk-Treasurer

52.  Ogden Dunes - Land Usage

Special exceptions shall be permitted upon approval by the Board of Zoning Appeals as permitted by this Code and subject to the conditions as the Board may require.
(`99 Code, § 10-64) (Ord. 643, passed 3-2-98)

### § 152.032  R RESIDENTIAL DISTRICT.

(A) *Intent*. It is the intent of the town in the creation of the R District to provide for a stable environment for dwelling uses.

(B) *Permitted uses*. In an R District, no building or premises shall be used and no building shall be erected which is arranged, designed or intended to be used for other than one or more of the following specified uses:

   (1) Single-family dwellings;

   (2) Accessory buildings or uses;

   (3) Public utility buildings;

   (4) Semi-public uses;

   (5) Essential services;

   (6) Special exception uses permitted by this Zoning Code.

(C) *Maximum building height*. No building or structure in an R District shall exceed 30 feet in height or three stories, whichever is less, except as otherwise provided herein. Refer to definition of *BUILDING HEIGHT*.

(D) *Lot area*. Each dwelling, building or structure permitted in an R District shall be located on a lot having an area of not less than 10,000 square feet, except as otherwise provided herein.

(E) *Lot width*. Each lot in an R District shall contain a width of not less than 100 feet, except for frontage on a cul-de-sac when the width shall be not less than 45 feet, except as otherwise provided herein.

(F) *Lot depth*. Each lot in an R District shall contain a depth of not less than 150 feet, except as otherwise provided herein.

(G) *Lot coverage*. That portion of each lot covered by and within building foundations, cantilevered areas, porches, garages, carports and accessory buildings (not including eaves, driveways, patios, decks and pools) shall not exceed 25%.

EXHIBIT C

Zoning, Building and Subdivision Control    53

(H) *Total lot occupancy.* Not more than 50% of the lot area shall be occupied by building material, to include (but not limited to) all buildings, roofs including eaves, driveways, walks, decks, patios, porches, stairs, retaining walls and pools. (Note: bark and mulch are not considered building material; gravel and stone are considered building material.)

(I) *Yards.* The following yards shall be provided in an R District:

   (1) *Front yard.* The depth of the front yard shall be not less than 20 feet.

   (2) *Rear yard.* A rear yard of not less than 15 feet in depth shall be provided.

   (3) *Side yard.* Each lot or parcel of land shall be provided with two side yards, each of which shall be not less than 15 feet in depth.
(`99 Code, § 10-65) (Ord. 643, passed 3-2-98) Penalty, see § 152.999

### § 152.033  C COMMERCIAL DISTRICT.

(A) *Intent.* In the creation of the C District and its appurtenant regulations, it is the intention of the town that the needs of the motoring public shall be met, that provisions shall be made for highway-oriented commercial uses and that the primary traffic-carrying function of major highways shall be maintained.

(B) *Permitted use.* In a C District, no building or premises shall be used and no building shall be erected which is arranged, designed or intended to be used for other than one or more of the following specified uses, provided that such use complies with all other applicable provisions of this Zoning Code.

   (1) Automobile service station;

   (2) Car wash;

   (3) Eating establishment;

   (4) Drive-in bank;

   (5) Greenhouses, retail or wholesale;

   (6) Retail food and drug sales;

   (7) Personal and professional service;

   (8) Accessory use;

   (9) Essential service;

09/17/2007 13:11 FAX 847 419 7696   BANCGROUP/MKTG   ☒018

I hereby certify that this is a real and true copy of a portion of the Town Code of the Town of Ogden Dunes, Indiana.

*Maude Cylbert*
Clerk-Treasurer

110   Ogden Dunes - Land Usage

(C) *Appeals*. Any administrative or enforcement decision of the Plan Commission, the Architectural Review Committee or the Building Commissioner may be appealed within 30 days to the Board of Zoning Appeals, upon filing of the specified form and payment of the filing fee (see § 152.204 below). ('99 Code, § 10-29) (Ord. 643, passed 3-2-98)

### § 152.202 OFFENSES; REMEDIES.

(A) *Offenses*.

(1) It is unlawful for any person, firm, individual, partnership or corporation to violate or fail to comply with this chapter.

(2) It shall be unlawful for any person, firm, individual, partnership or corporation to erect, construct, enlarge, alter, repair, move, improve, install, remove, convert or demolish, equip, use, occupy or maintain any building(s) or structure(s), building lot, or land in the town, or cause the same to be done, contrary to or in violation of this chapter.

(B) *Investigation and enforcement by citation*.

(1) Whenever any official of the town has probable cause to believe that any person, firm, individual, partnership or corporation has violated any term or provision of this chapter or code or any town ordinance or code, said official shall notify the Building Commissioner immediately in order to verify that such violation exists and shall document the existence of the alleged violation and inform the Plan Commission, the Town Marshal and the Town Attorney of his findings.

(2) In all cases, where the Building Commissioner in his or her judgment finds a violation does exist, he or she shall notify in writing the Plan Commission, the Town Marshal, and the Town Attorney. The Town Marshal shall, in the appropriate circumstance, issue a citation to the violator.

(C) *Declaration of a common nuisance and offense of nuisance*.

(1) Any structure erected, raised, or converted, or land or premises used, in violation of this chapter or code or regulation contained within this chapter, is declared to be a common nuisance and the owner or possessor of the structure, land, or premises is liable for maintaining a common nuisance.

(2) Any person, firm, individual, partnership or corporation violating any of the provisions of this chapter or code or any town ordinance or code enforced hereby shall be deemed guilty of an ordinance violation and each such person shall be deemed guilty of a separate offense for each and every day or portion thereof during which any violation of any of the provisions of this chapter and code is committed, continued or permitted, and upon such finding of any such violation, such person shall be punishable by a fine as set forth in § 152.999.


EXHIBIT D

## Zoning, Building and Subdivision Control    111

(3) The owner or tenant of any building, structure, premises, or part thereof, and any architect, builder, contractor, agent or other person who commits, participates in, assists in, or maintains such violation may be found guilty of a separate offense and suffer the penalties herein provided.

(D) *Notification and violation.*

(1) Written notice may be served by the Building Commissioner, the Town Marshal, any member of the Town Council, the Town Attorney, or by any adult designated by the Clerk-Treasurer or Town Attorney.

(2) Personal service of any written notice is not required. Service may be completed by posting notice in a conspicuous place on the premises and by mailing a copy by certified mail to the last known address of the party or person being served notice.

(E) *Origin of notice.* Written notice may be the result of an order issued by the Board of Zoning Appeals, a determination of noncompliance issued by the Plan Commission, or a notification, stop work order or other notice or order issued by the Building Commissioner, the Town Marshal or the Town Attorney.

(F) *Enforcement of actions through court.*

(1) The Town Attorney on receipt of information of the violation of any ordinance, may make an investigation of the alleged violation or order the Building Commissioner or Town Marshal to conduct an investigation. If facts elicited by the investigation are sufficient to establish a reasonable belief that a violation has occurred, the Town Attorney may file a complaint against that person and prosecute the alleged violation.

(2) The Plan Commission or the Building Commissioner or the Town Marshal may bring an action in the Circuit or Superior Court of Porter County to invoke any legal, equitable, or special remedy for the enforcement of this chapter and code and to enforce the conditions imposed under this chapter or as otherwise allowed or as otherwise provided for by law; covenants made in connection with a subdivision plat, a development plan, or any commitments made in accordance with law.

(3) The Board of Zoning Appeals may bring an action for injunction in the Circuit or Superior Court of Porter County to restrain a person from violating this chapter or code and/or for a mandatory injunction, directing a person to remove a structure erected in violation of any town code or ordinance. ('99 Code, § 10-30) (Ord. 643, passed 3-2-98)

I hereby certify that this is a real and true copy of a portion of the Town Code of the Town of Ogden Dunes, Indiana.

Zoning, Building and Subdivision Control    Clerk-Treasurer    115

(E) *Variances.* The Board shall be authorized upon appeal to make variances to the requirements of this chapter and applicable codes herein, and to attach such conditions to the variance necessary to assure compliance with the purpose of this chapter in accordance with I.C. 36-7-4-900 *et seq.*

(1) *Variance of use.* A variance of use may be permitted if all of the following requirements have been met:

(a) The approval will not be injurious to the public health, safety, morals and general welfare of the community;

(b) The use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner;

(c) The need for the variance arises from some condition peculiar to the property involved;

(d) The approval is not substantially inconsistent with the Master Plan of the town.

(2) *Variances from development standards.* A decision to approve a variance from the development standards (such as height, bulk or area and the like) of this chapter may be permitted if, after a public hearing, the Board shall find in writing that all of the following requirements have been met:

(a) The approval will not be injurious to the public health, safety, morals, and general welfare of the community;

(b) The use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner; and

(c) The strict application of the terms of this chapter will result in an unnecessary hardship in the use of the property.
('99 Code, § 10-39) (Ord. 643, passed 3-2-98)

§ 152.999 PENALTY.

(A) If any person, firm, individual, partnership or corporation shall violate any of the provisions of this chapter, or shall do any act prohibited herein, or shall fail to perform any duty lawfully enjoined, or any ordinance of the town, within the time prescribed by the Plan Commission or the Building Commissioner, or shall fail, neglect or refuse to obey any lawful order given by the Plan Commission, the Building Commissioner or the Town Marshal in connection with the provisions of this chapter, for each such violation, failure or refusal, such person, firm, individual, or corporation shall be fined in any sum not less than $50 under the Ordinance Violation Bureau, not less than $150 under a determination of violation nor more than $2,500 or the maximum allowed by state law. Each day of such unlawful activity as is prohibited by this section shall constitute a separate offense.

2006 S-2

EXHIBIT

E

09/17/2007 13:12 FAX 847 419 7696    BANCGROUP/MKTG    ☒021

116  Ogden Dunes - Land Usage

(B) Notwithstanding the above provisions, any violation of the following specific requirements of this chapter may be satisfied by coming into compliance therewith and paying a fine of $100 for each offense, ($25 if paid within five days of notice of the violation):

(1) Prohibited temporary or movable structures, or prohibited outside storage of materials or equipment, vehicles and the like (see § 152.045(A));

(2) Prohibited erection or display of signs, without permit (See § 152.047(B)).
('99 Code, § 10-30) (Ord. 643, passed 3-2-98)