UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TOWN OF OGDEN DUNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2:08-CV-78 PS |
| ) | |
| STEVEN SIWINSKI and LAUREN SIWINSKI, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

In my previous Order, I provided the Plaintiff, the Town of Ogden Dunes ("Ogden Dunes"), the opportunity to file a response to Defendants Steven and Lauren Siwinski's Notice of Removal. (DE 5) I invited Ogden Dunes to indicate whether it objects to the removal on a procedural basis because of its potential untimeliness. Ogden Dunes did so on March 20, 2008 by filing a Motion to Remand. (DE 6.) Because the Siwinskis' Notice of Removal is untimely, Ogden Dunes' Motion for Remand is granted.

## BACKGROUND

Ogden Dunes filed this matter in the Superior Court in Porter County, Indiana on August 30, 2007. The suit is an attempt to enforce one of Ogden Dunes' residential zoning ordinances which prohibits home owners from leasing their properties out for periods of less than thirty (30) consecutive days. Complaint, ¶¶ 4-9; Town Code of Ogden Dunes § 152. The Complaint provided several clues as to how much Ogden Dunes was seeking as a result of the alleged violation. First, the Complaint stated, "[t]hat on June 18, 2007 and days thereafter, including, but not limited to, the time of filing this Complaint, the defendants have been in violation of" the zoning ordinance in question. Complaint, ¶ 4. Second, Ogden Dunes noted the town code sections which prohibited the use of a dwelling in a residential zone for commercial use, as well as

the Indiana statute which defined the "rental of real estate for less than thirty (30) consecutive days" as "a recognized commercial activity." Complaint, ¶¶ 5-7; IND. CODE § 6-2.5-4-4. Third, the Complaint indicated that the zoning ordinance "authorizes a fine of not more than $2,500 per violation per each day of a violation." Complaint, ¶ 11. Fourth, a copy of the ordinance was attached to the Complaint, including the provision which stated, "[e]ach day of such unlawful activity as is prohibited by this section shall constitute a separate offense." Town Code of Ogden Dunes § 152.999. Fifth, the Complaint's "Wherefore" clause requested "[a] fine in an amount up to $2,500 per day that the violation alleged hereunder exists beginning June 18, 2007." Complaint at 3.

The Siwinskis did not immediately remove the case to federal court. The parties proceeded with discovery, and on November 19, 2007, the Siwinskis produced schedules and calendars indicating that the property was rented for fifty (50) days by various guests between June 18, 2007 and the date of the Complaint, August 30, 2007. Motion to Remand, ¶ 11, Ex. A. Each of the guests listed on the schedule appears to have rented the property for less than thirty days. *Id*.

On December 3, 2007, the Siwinskis asked that Ogden Dunes admit that Indiana Code § 36-1-3-8(a)(10) caps the town's recovery in the litigation to $10,000. Not. of Removal, ¶ 11. The Siwinskis claim that Ogden Dunes did not respond to this request to admit in a timely fashion. *Id*., ¶ 12. The Siwinskis next served a set of interrogatories upon Ogden Dunes and the town answered on February 5, 2008 as follows:

> **Interrogatory No. 10:** Identify all damages suffered by any party as a result of Defendants' alleged violations described in your answer to Interrogatory No. 1.
>
> **Answer:** Objection. Since the Town seeks to impose a fine and recover its attorney fees that the Court enter an injunction, the Town does not claim "damages" and the

2

> interrogatory is therefore not reasonably calculated to lead to the discovery of evidence admissible at trial on the merits.
>
> **Interrogatory No. 11:** Identify the number of days that you contend Defendants were in violation of any legal provision identified in Interrogatory No. 1.
>
> **Answer:** Unknown at this time as defendants have not provided all the discovery sought concerning each time it has rented the subject real estate from and after June 18, 2007 to the present. The number of days would be, at a minimum, the number of days that defendants have rented their premises for less than thirty consecutive days from June 18, 2007.

Not. of Removal, ¶ 15.

On March 5, 2008, some six months after the case was filed, the Siwinskis removed the action to this Court. The Siwinskis removed the case pursuant to 28 U.S.C. § 1441 alleging that the district court would have had original jurisdiction under 28 U.S.C. § 1332(a). *Id.*, ¶¶ 3-5  The Notice of Removal indicated that the parties are of diverse citizenship, as Ogden Dunes is a municipal corporation incorporated in Indiana with citizenship in Indiana; and the Siwinskis are citizens of Illinois. *Id*. The Notice also stated that the amount of controversy exceeded $75,000 but that the case was not removable as stated by Ogden Dunes in its Complaint. *Id.*, ¶ 7. The Siwinskis further described the discovery exchanged between the parties as it related to the amount in controversy, and claimed that it could only ascertain that Ogden Dunes was seeking to recover more than $75,000 after it received its "ambivalent" interrogatory answers on February 5, 2008. *Id.*, ¶¶ 15-16.

### DISCUSSION

The opening sentence to 28 U.S.C. § 1446(b) says: "The removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action

3

or proceeding is based . . ." The Siwinskis filed their Notice of Removal well beyond thirty days after receiving the Complaint, thereby exceeding the deadline provided for by § 1446(b). They claim that the case was not initially removable, and that the amount in controversy triggering federal diversity jurisdiction only became evident after Ogden Dunes filed its interrogatory responses. If true, the Siwinskis would be entitled to the thirty day deadline exception, afforded to parties in the event that a "case stated in the initial pleading is not removable." § 1446(b). In such a situation, the party must remove the case "within thirty days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ." *Id*. The burden is on the Siwinskis, as the removing party, to demonstrate that removal is proper. *See Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe*, 985 F.2d at 911.

The Siwinskis have failed to demonstrate that the case was not removable after receipt of the Complaint. They admit, through their Notice of Removal, that the Complaint sought "a fine in an amount up to $2,500 per day that the violation alleged hereunder exists." Not. of Removal, ¶ 8. The amount of days subject to penalty under the ordinance is revealed by the Complaint's allegation that the Siwinskis were in violation from as early as June 18, 2007 up through and including the time of the filing of the Complaint. *See* Complaint, ¶ 4. This totals seventy-five (75) days of potential violations, and at $2,500 a day, the Complaint immediately put the Siwinskis on notice that there was at least $182,500 in controversy. The Siwinskis' own schedules show that they rented the property to third parties for fifty days during that time period, making a more conservative estimate of the potential fine equal to $125,000.

4

The Siwinskis indicate that discovery between the parties has led to confusion as to whether an existing Indiana statutory cap works to limit Ogden Dunes to $10,000 in recoverable fines. *See* Not. of Removal, ¶¶ 11-15; Indiana Code Section 36-1-3-8. I would first note that the Siwinskis early reliance on a statutory maximum was in no way the obvious reading of the Indiana Code, and neither party has attempted to explain such an interpretation.[1] Furthermore, at least one Indiana Court has addressed a similarly phrased zoning ordinance and found that Indiana Section 36-1-3-8 does ***not*** apply in the manner which the Siwinskis suppose. *See Dierckman v. Area Planning Commission of Franklin County, Ind.*, 752 N.E.2d 99, 105-06 (Ind. Ct. App. 2001). In *Dierckman*, the court held that a municipality was not limited by Indiana Code Section 36-1-3-8(a)(10) from recovering $150,000 for the continuing violation of an ordinance. *Id*. The regulation in *Diecrkman* imposed a fine of $2,500 for each violation and, like the Ogden Dunes ordinance, specifically stated that, "each day that the violation continued shall constitute a separate offense." *Id*.

The dispositive question, more important than any one dealing with the intricacies of Indiana zoning violations and statutory maximums, is whether the Siwinskis should have removed

---

[1] Indiana Code Section 36-1-3-8(a)(10) provides that a municipality does not have "the power to prescribe a penalty of a fine as follows:

(A) More than ten thousand dollars ($10,000) for the violation of an ordinance or regulation concerning air emissions adopted by a county that has received approval to establish an air program under IC 13-17-12-6.

(B) For a violation of any other ordinance:

   (i) more than two thousand five hundred dollars ($2,500) for a first violation of the ordinance; and

   (ii) except [for ordinances that regulate traffic or parking, more than seven thousand five hundred dollars ($7,500) for a second or subsequent violation of the ordinance.

5

the case upon receiving the "initial pleading," i.e., the Complaint. The Siwniskis insist that the amount of controversy was not apparent from the Complaint and therefore, not removable. They justify their delay in removal by raising Seventh Circuit opinions advising defendants to wait for and then use interrogatories to establish jurisdictional amounts. *See Meridian Sec. Ins. Co., v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993). In doing so, the Siwniskis suggest that every time a complaint fails to specifically assert the amount of money sought in one clear-cut, lump-sum amount, the defendant would be free to wait until receiving interrogatory answers before removing to federal court. This reads too much into the line of cases. Not one of those opinions stands for the proposition that the lack of an *ad damnum* clause automatically triggers the exception to the § 1446(b) deadline for cases not removable based upon their initial pleading.

The use of contention interrogatories to establish jurisdictional amount is merely an option made available to those defendants who cannot remove the action based on the face of the complaint. *See Shaw*, 994 F.2d at 367 (stating that the interrogatory procedure is "optional"); *see also*, *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 n. 4 (7th Cir. 1997) (finding that removing defendant is not required to submit interrogatories when amount in controversy is at issue.) While contested interrogatories are an option for defendants, they are not the only option. *Meridian* adds interrogatories to its "not exclusive" list of suggested methods that defendants may use to avail themselves of federal jurisdiction when the complaint does not directly specify the amount that plaintiffs intend to seek. *Meridian*, 441 F.3d at 541-42. But *Meridian* also lists other methods of effecting removal, including "calculation from the complaint's allegations," citing *Brill v. Countrywide Home Loans*, *Inc*., 427 F.3d 446, 449 (7th Cir. 2005). *Meridian*, 441 F.3d at 541. In *Brill*, the plaintiff did not state the amount it was

6

seeking in its class action lawsuit brought against a defendant company for allegedly violating the Telephone Consumer Protection Act, 47 U.S.C. § 227, by sending fax advertisements. Nevertheless, the defendant was able to establish the $5 million amount in controversy necessary to trigger jurisdiction under the Class Action Fairness Act of 2005. *Brill*, 427 F.3d at 449. By simply including in its notice of removal the $500-per-fax penalty provided for by § 227, noting the possibility of treble damages, and admitting that it sent at least 3,800 faxes, the defendant met its burden of showing the award could reach at least $5.7 million. *Id.* at 447.

      The calculation made from the allegations of the complaint in *Brill* is very similar to the one the Siwinskis could have performed immediately after receiving the Ogden Dunes Complaint. Like the defendant in *Brill*, the Siwinskis were faced with a penalty for repeated violations of the same statute. Also like *Brill*, the Siwinskis had the information at their disposal to know how many violations were encompassed by the complaint, or at least whether there were enough violations to reach the jurisdictional minimum amount. In the Siwinskis' case, they were independently aware of how many days they rented their property in possible violation of the ordinance. "When the defendant has vital knowledge the plaintiff may lack, a burden that induces the removing party to come forward with the information - so that the choice between state and federal court may be made accurately - is much to be desired." *Brill*, 427 F.3d at 447-48. The Siwinskis do not dispute the fact, stated in Ogden Dunes' Motion to Remand, that their own rental schedules, produced in discovery, reveal there were at least fifty (50) days in which the property was rented between June 18, 2007 and the time of the Complaint. The Siwinskis did not need anything more than this information, along with the allegations of the Complaint, to demonstrate the necessary amount in controversy. The matter was therefore removable immediately after the receipt of the initial pleading, and the thirty-day clock started on this date as well.

Reliance on contention interrogatories and other time-consuming discovery methods is wasteful when the tools to prove jurisdiction are more than available to defendants from the beginning. *See Huntsman Chemical Corp. v. Whitehorse Technologies,* Inc., 1997 WL 548043 at *5 (N.D. Ill. Sept. 2, 1997) ("There is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint.") (quoting *Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851, 853 (E.D. Mich. 1979)). In fact, such reliance would run counter to clear policy goals behind the removal deadlines found in § 1446 - the quick and efficient placing of lawsuits for prompt adjudication and the preventing of defendants from playing wait-and-see games in state court. *See Fate v. Buckeye State Mut. Ins. Co.*, 174 F. Supp. 2d 876, 880 (N.D. Ind. 2001); *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.,* 189 F. Supp. 82, 85 (N.D. Ill. 1960) ("[T]he policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay.")

The strict enforcement of the thirty-day deadline creates minimal harm. If the Siwinskis had tried and failed to remove the case after receiving the complaint, there would be nothing preventing them from trying again if more information came to light. *See Benson v. Si Handling Systems, Inc.*, 188 F.3d 780, 782-83 ("A premature removal may lead to a perfectly justified remand; but when matters change - for example . . . by a disclosure that the stakes exceed the jurisdictional amount - the case may be removed, provided only that it is less than one year old."). And, as Judge Castillo in the Northern District of Illinois has wisely noted, "the potential burden of multiple removals is no more inefficient than filing an answer and discovery requests prior to seeking removal." *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 942, n. 2 (N.D. Ill. 2002). If this were a case where the complaint provided "no hint" as to what the amount in controversy was, waiting for interrogatory responses might be the appropriate option for the Siwinskis to

8

embrace. *See Shaw*, 994 F.2d at 366(addressing removal of tort claim which alleged only that it was seeking damages in excess of $15,000, in compliance with Illinois rules.) But the straightforward calculation available to the Siwinskis from the initial pleading demands that they pick their forum earlier than they attempted to do so here.

The Siwinskis' insistence that the case was not removable is undermined by the actual interrogatory responses they now hold up as having clarified the so-called "confusing" complaint. In Interrogatory No. 10, the Siwinskis asked Ogden Dunes to identify its damages, to which Ogden Dunes responded simply that it was not seeking any damages but only to impose a fine, recover attorney fees, and obtain an injunction. In Interrogatory No. 11, the Siwinskis asked Ogden Dunes to identify the number of days it contended were in violation of the zoning code. Ogden Dunes response was admittedly murky: it stated that the answer was "[u]known at this time" because it was still waiting for discovery but that the amount would at least be "the number of days that defendants have rented their premises for less than thirty consecutive days from June 18, 2007 to the present." The Siwinskis themselves characterized these responses as "coyly-vague" and a "half-answer" conveying a "refusal" to identify the amount the town was seeking. Not. of Removal, ¶ 16; Response at 2, 4. But the Siwinskis have painted themselves into a corner. If one assumes, *arguendo*, that the Complaint's allegations did not provide enough information to make it removable, and the interrogatory responses were only "vague" without providing any further substantive information, then the combination of the two would still fall short of satisfying the Siwinskis' burden to establish jurisdictional amount.

Moreover, I do not agree with the Siwinskis initial hypothesis - that the Complaint's allegations are "confusing." It is true that Ogden Dunes used the singular "violation" instead of the plural "violations" in its Complaint, as in "the defendants have been in violation of Chapter

9

152 of the Ogden Dunes Town Code . . .")  However, it is overly formalistic, and contrary to common sense, to view the town's use of the singular form as somehow voluntarily limiting its ultimate award to the amount obtainable for a one-day offense.  In any event, the town cleared up any potential confusion by stating in its "wherefore" clause that it was requesting, "[a] fine in an amount up to $2,500 *per day* that the violation alleged hereunder exists beginning June 18, 2007."  Complaint, ¶ 13 (emphasis added).

Finally, Ogden Dunes requests that it be awarded costs and attorney fees, pursuant to 28 U.S.C. § 1447(c), which provides that, upon remand, the courts may order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court recently defined the discretionary standard to be used when deciding whether to award costs and fees under § 1447(c) as, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Seventh Circuit has offered the following guidance in interpreting this standard: "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

I cannot say that the Siwinskis basis for removal was so without merit that they lacked an objectively reasonable basis for removal.  The cases they cite, such as *Meridian* and *Shaw*, do discuss contention interrogatories in positive terms as a means to establish amounts in controversies when faced with complaints lacking *ad damnum* clauses.  *Meridian*, 441 F.3d at 541-42; *Shaw*, 994 F.2d at 367.  While those cases are distinguishable from the facts at hand, it was not such a clear outcome so as to make the Siwinskis removal attempt without reason.  *See*

10

*Wisonsin v. Amgen, Inc.*, 516 f.3d 530, 534 (7th Cir. 2008)(refusing to award fees and costs under § 1447(c) where court's decision against removal was based upon only one appellate court opinion).  In addition, there was only one published case addressing the monetary limit provided for in Indiana Code § 36-1-3-8(a)(10).  *See Dierckman,* 752 N.E.2d at 105-06.  While it may have been ill-advised for the Siwinskis to assume the Town of Ogden Dunes ordinance would be limited by this cap, the law was not "clearly established" so as to justify an award of fees and costs.

As set forth above, Ogden Dunes' Motion to Remand (DE 6) is hereby **GRANTED**.  It is **ORDERED** that this case is **REMANDED** back to the Porter Superior Court, Portage, Indiana.  The clerk shall treat this civil action as **TERMINATED**.  All further settings in this action are hereby **VACATED**.

**SO ORDERED**

ENTERED: April 17, 2008

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT

11